TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MARIA R. GUTIERREZ
Arizona State Bar No. 026659
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Maria.Gutierrez@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Steven Ray Garner,<br><br>Defendant. | CR-25-08037-01-PCT-GMS<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States hereby submits its sentencing recommendation.  For the reasons below, the United States recommends a sentence of 24 months to be followed by three years of supervised release.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      FACTS

On March 4, 2025, a BNSF train stopped near Griffith, Arizona, to allow westbound trains to pass.  (PSR ¶ 8.)  The conductor onboard the train observed a white box truck and a van in the area. (*Id.*)   The conductor believed that the train was being burglarized because he saw individuals removing boxes from the train and loading them onto vehicles parked near the train tracks.  (*Id.*)  A short time later, another box truck arrived.  (*Id.*)  The white box truck headed westbound on Interstate 40. (*Id.*)  Four individuals ran through the desert in the direction of Interstate 40.  (*Id.*)  Law enforcement was alerted.  (*Id.*)

Later that same day, after a brief high-speed pursuit, the Defendant, Steven Ray

Garner, and another individual were stopped on Interstate 40. (PSR ¶ 9.)  The Defendant was driving a white box truck. (*Id.*) The passenger, an unknown male, fled into the desert once law enforcement stopped the vehicle.  (*Id.*) The Defendant was the only individual arrested in connection with this burglary.  (*Id.*)

At the time of his arrest, the Defendant appeared to be intoxicated.  (PSR ¶ 10.)  A small amount of marijuana and a glass pipe were found on his person. (*Id.*)  The Defendant told law enforcement that he did not know the name of the individual who fled into the desert.  (*Id.*)   He also said that individual yelled at him and threatened him.  (*Id.*)  He also told law enforcement that he "did not know that part" when he was informed that he would be charged with flight, trafficking in stolen property, and burglary of train.  (*Id.*)

Law enforcement found 1,566 unreleased Nike shoes in the box truck.  (*Id.*)  The Nike shoes were valued at $265,500.  (*Id.*)  The shoes were going to be sold directly to the public.  (PSR ¶ 12.)

The Defendant is set for sentencing on February 9, 2026.

II.    PLEA AGREEMENT

The Defendant pleaded guilty to Count 1 of the indictment, possession or receipt of stolen goods from interstate shipment.  The parties stipulated that the Defendant's sentence would not exceed the low-end of the Defendant's guideline range.  The United States agreed to recommend a reduction for acceptance and responsibility.

In the factual basis of the plea agreement, the Defendant admitted that, although he did not know the goods were Nike shoes stolen off a train, he did know that there were stolen goods in the white box truck that he was driving when he was arrested.  (Doc. 43.)

III.    PRESENT INVESTIGATION REPORT

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The

Sentencing Guidelines range is not presumed to be reasonable but instead is only one of the § 3553(a) factors to be considered by the Court. *Id.*

Probation calculates the Defendant's base offense level at 6. (PSR ¶ 23.) After adjustments for the loss value of the good, that offense involved an organized scheme, the Defendant's role in the offense, and for obstruction, the Defendant's adjusted offense level is 20. (PSR ¶ 29.) After a reduction for acceptance of responsibility, Probation calculates the Defendant's offense level at 17, criminal history category (CHC) III (30 to 37 months). (PSR at 23.) Probation recommends a sentence of 30 months to be followed by three years of supervised release. (*Id.*)

The Defendant is requesting a sentence of 18 months to be followed by three years of supervised release. (Doc. 46).

For the reasons below and pursuant to the plea agreement, the United States respectfully requests a sentence of 24 months to be followed by three years of supervised release.

IV.    ANALYSIS OF SENTENCING FACTORS AND RECOMMENDATION

a.    History and Characteristics of the Defendant

The Defendant is 51 years old. (PSR at 2.) The Defendant has accumulated about three felonies and nine misdemeanors. (PSR ¶¶ 36-47.) He has two prior theft-related convictions and three drug-related convictions. (*Id.*) He also has an assortment of traffic-related convictions. (PSR ¶¶ 36-48.) Based on his history, it appears that the Defendant is struggling with substance abuse, and his criminal history is consistent with substance abuse issues. (PSR ¶¶ 68-72.) For these reasons, the United States believes that this factor favors a sentence near or below the low-end of the guideline range.

b.    The Nature and Circumstances of the Offense

The Defendant was involved in an organized scheme with others to steal Nike shoes from a BNSF train as it was traveling through Arizona from California. During this burglary, a train conductor observed three vehicles near the location where the train stopped and individuals offloading boxes off the train and loading the items onto the

vehicles.  The Defendant was arrested driving one of the vehicles observed at the burglary location.  His role in the offense appears to be limited to that of driver.

By its nature, the scheme involved individuals boarding the train to remove the Nike shoes from the train, individuals picking up the Nike shoes at the remote location where the shoes were left to be picked up, the movement of individuals to and from the pick-up locations, and the delivery of the stolen shoes to California.  Nike shoes and other goods like electronics are high-valued goods frequently stolen by theft crews.  The scheme was organized.

Generally, theft from trains is a public safety problem as these trains may be forced to come to a sudden stop in remote locations and the individuals boarding the trains may be injured as they get on and off the train.  Additionally, individuals with stolen goods in their vehicles sometimes engage in high-speed chases to flee from law enforcement.  In this case, the Defendant was arrested after a brief high-speed chase; thus, engaging in high-risk and dangerous behavior while committing the offense.

Further, Nike and other retailers suffer from economic losses as they are the frequent targets of these theft rings.  The BNSF also suffers an economic loss as the train may be damaged and immovable because of the theft.  This factor favors a sentence near or below the low-end of the guideline range.

c.  The Need for Adequate Deterrence

Title 18, United States Code, Section 3553(a) expressly provides for the court to consider general deterrence in making its sentencing determination.  Section 3553(a)(2)(B) states that "[t]he court, in determining the particular sentence to be imposed, shall consider the need for the sentence imposed to afford adequate deterrence to criminal conduct."

As mentioned above, Nike and other retailers are frequent targets of theft crews targeting cargo trains.  The sentence imposed should deter the Defendant from engaging again in similar conduct and deter others from engaging in the conduct at all.  This factor favors a sentence near or below the low-end of the guideline range.

d.  Not Create Unwarranted Disparity Among Defendants

- 4 -

Title 18, United States Code, Section 3553(a)(6) states that in formulating a sentence, a court should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In *United States v. Saeteurn*, the court noted that "sister circuits generally agree that 'Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-Defendants in the same case.'" *Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (*citing United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). *Saeteurn* involved a drug conspiracy with multiple co-Defendants. The Ninth Circuit, in affirming the sentence, found that the district court's comparison of the codefendants was appropriate because it helped the district court understand the nature and circumstances of the offense and each defendant's role and culpability in the conspiracy to achieve appropriate sentences under § 3553(a). *Saeteurn*, 504 F.3d at 1181-82.

As mentioned above, there were other individuals involved in the offense. The unknown passenger, the individuals who were taking goods off the train, the individuals who were loading the vehicles, and the drivers of the other vehicles were some of the individuals involved in this coordinated burglary. Unfortunately for the Defendant, he was the only one arrested. His role in the offense was limited to driver.

Sentences in other train burglary cases vary depending on the involvement of each defendant in the offense, the defendant's history and characteristics, and particularly their criminal history. Sentences can range from 37 months on the higher end to time served. *See, e.g. United States v. Noe Cecena-Castro, et al.*, CR-25-08020-PCT-DJH, *United States v. Jimmy Lee Hostmark, et al.,* CR-25-08001-PCT-DWL.

In this case, the Defendant has significant criminal history, but his role in the offense was limited to that of driver albeit he posed a danger to the public when he attempted to flee from law enforcement. Moreover, the Defendant's involvement in this theft offense is consistent with his prior involvement in other theft offenses, which were likely fueled by his substance abuse struggles. For these reasons and to avoid sentencing disparities

among other similarly situated defendants in other cases, the United States recommends a sentence of 24 months and 36 months of supervised release.

**V.     Conclusion**

Therefore, based on the above, the United States respectfully requests a sentence of 24 months.   The government also requests three years of supervised release. Such a sentence considers the Defendant's history and characteristics, the offense, the danger he posed to the public when he attempted to flee law enforcement, deterrence, and unwarranted sentencing disparities.

Respectfully submitted this 2nd day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Maria R. Gutierrez*
MARIA R. GUTIERREZ
Assistant U.S. Attorney

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Jeffrey B. Cloud, Attorney for Defendant.

_s/Maria R. Gutierrez_
U.S. Attorney's Office